FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELSEY SCHIER, administrator of the Estate of Guenter Werner Schier,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW J. ANDERTON, in his official and private capacities,<br><br>    Defendant. | No. 1:25-CV-03012-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court are Plaintiff's Motion for Reconsideration of Order Denying TRO and Preliminary Injunction, ECF No. 13, and related Motion to Expedite, ECF No. 14. Plaintiff is *pro se*. Defendant represents himself. The motion was considered without oral argument.

Plaintiff requests the Court reconsider its February 18, 2025, Order denying his request for a temporary restraining order and abstaining from the matter based on 28 U.S.C. § 1334. *See* ECF No. 11.

"Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A court may review a motion for reconsideration under Fed. R. Civ. P. 59(e), for altering or amending a

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

judgment, or 60(b), for relief from a judgment. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.' " *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Plaintiff has not met the standard for reconsideration. There is no newly discovered evidence, and no change in law has occurred. *See Smith*, 727 F.3d at 955. Further, the facts of Plaintiff's case and pending action in Bankruptcy Court have not changed. The Court again declines to intercede and maintains its abstention in this matter because its initial decision was neither in error nor manifestly unjust. *See id.*

Plaintiff has failed to meet the burden of showing this extraordinary remedy is appropriate in this matter, and therefore the Court **denies** the motion.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration of Order Denying TRO and Preliminary Injunction, ECF No. 13, is **DENIED**. Plaintiff's related Motion to Expedite, ECF No. 14, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to *pro se* Plaintiff and Defendant as counsel, and keep the file **closed**.

**DATED** this 19th day of February 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**